HAWLEY TROXELL ENNIS & HAWLEY LLP
John F. Kurtz, Jr.
877 Main Street, Suite 1000
P.O. Box 1617
Boise, Idaho 83701
Phone: 208-388-4831
Facsimile: 208-954-5242
Email: jkurtz@hawleytroxell.com
*Attorneys for Bank of America, N.A.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re KINGSTON, DAVID ORVILLE,<br><br>Debtor. | Case No. 11-40128 JDP<br><br>Chapter 11 |
| DAVID ORVILLE KINGSTON,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION a/k/a BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, LP, successor to Countrywide Home Loans, Inc.; BOFA MERRILL LYNCH ASSET HOLDINGS, INC., a Delaware corporation; FAY SERVICING, LLC, a Delaware limited liability company; DOES 1-10, unknown business entities; and DOES 11-20, unknown individuals,<br><br>Defendants. | Adversary Case No. 19-08007 JDP<br><br>**DEFENDANTS BANK OF AMERICA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT** |

**DEFENDANT BANK OF AMERICA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant Bank of America, N.A. ("BANA") answers the Second Amended Complaint

("Complaint") of Plaintiff David Orville Kingston ("Plaintiff" or "Kingston") as follows:

## JURISDICTION AND VENUE

1. The allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required.

2. The allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required.

3. The allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required.

## PARTIES

4. BANA admits the allegations in this paragraph.

5. BANA admits that it is a national banking association conducting business in the United States and the State of Idaho. BANA further admits that on March 13, 2007, the Debtor entered into an Interest Only Adjustable Rate Note ("Note") and Deed of Trust with Countrywide Home Loans, Inc. for property located at 5250 S. Rainbow Boulevard, Unit 2064, Las Vegas, Nevada, with loan number ending -2151 (the "Loan"). BANA further admits that in 2009, Countrywide Financial Corporation and all of its related entities, including Countrywide Home Loans, Inc., merged with Bank of America, N.A. BANA also admits that it has serviced the Loan since July 1, 2011. BANA denies the remaining allegations in this paragraph.

6. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

7. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

8. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

9. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

10. BANA denies the allegations in this paragraph as to BANA. To the extent the

allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

11. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

12. BANA admits that it has serviced the Loan since July 1, 2011. To the extent the allegations in the first sentence of this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same. BANA denies the allegations in the second sentence of this paragraph as to BANA. To the extent the allegations in the second sentence of this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

13. The allegations contained in this paragraph do not constitute factual allegations and therefore no response is required.

## FACTUAL ALLEGATIONS

14. BANA admits the allegations in this paragraph.

15. BANA admits that in 2009, Countrywide Financial Corporation and all of its related entities, including Countrywide Home Loans, Inc., merged with Bank of America, N.A. BANA denies the remaining allegations in this paragraph.

16. BANA admits the allegations contained in the first sentence of this paragraph. The allegations contained in the second sentence of this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required. To the extent a response is required, BANA denies the allegations in this paragraph.

17. BANA admits the allegations contained in this paragraph.

18. BANA admits the allegations contained in this paragraph.

19. BANA admits that the Stipulation Between David O. Kingston and Bank of America, NA for (1) Plan Treatment, (2) Use of Cash Collateral/Reimbursement of § 506(c)

3

Expenses; and (3) Surrender of 1031 S. and 2051 S. Island Green Drive, Coeur D'Alene, Idaho ("Stipulation") was entered on August 12, 2011. BANA further admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

20. BANA admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

21. BANA admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

22. BANA admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

23. BANA admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

24. BANA admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

25. BANA admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

26. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

27. BANA admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

28. BANA admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

29. BANA admits that the Order Granting Motion for Approval of Agreement Relating to Providing Adequate Protection and Use of Cash Collateral Pursuant to Rule 4001(d) ("Approval Order") was entered on August 31, 2011. BANA further admits the Approval Order speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

30. BANA admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

31. BANA denies the allegations in this paragraph.

32. BANA admits that a monthly statement for the Loan dated September 29, 2011 was sent to Debtor. BANA further admits that the exemplar monthly statement attached as Exhibit C to the Complaint and the Stipulation speak for themselves, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those documents.

33. BANA admits that monthly statements relating to the Loan were sent to Debtor. BANA further states that Plaintiff's use of the phrase "similar demands" is so vague and ambiguous that the remaining allegations in this paragraph are unintelligible. Accordingly, BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

34. The allegations in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required. To the extent a response is required, BANA denies the allegations in this paragraph.

35. BANA admits that the Order Confirming Chapter 11 Plan ("Confirmation Order") was entered on December 20, 2012. BANA further admits the Confirmation Order speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

36. BANA admits that the Confirmation Order was entered on December 20, 2012. BANA further admits the Confirmation Order and Certificates of Notice contained therein speak for themselves, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

37. BANA admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

38. BANA admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

39. BANA admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

40. BANA admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

41. BANA admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

42. BANA admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

43. BANA admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

44. BANA admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

45. BANA admits the allegations in this paragraph.

46. BANA denies the allegations in this paragraph.

47. BANA lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

48. BANA lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

49. BANA states that Kingston, upon information and belief, never authorized BANA to communicate with the third parties referenced in this paragraph regarding the Loan. BANA further admits that, at some point in time, it received a copy of the January 31, 2013 letter from Janae Kingston that is attached as Exhibit G to the Compliant. BANA lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

50. BANA states that Kingston, upon information and belief, never authorized BANA to communicate with the third parties referenced in this paragraph regarding the Loan. BANA further admits the January 31, 2013 letter speaks for itself, but denies the remaining allegations

6

in this paragraph to the extent the Complaint contradicts those terms.

51. BANA states that Kingston, upon information and belief, never authorized BANA to communicate with the third parties referenced in this paragraph regarding the Loan. BANA further admits the January 31, 2013 letter speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

52. BANA states that Kingston, upon information and belief, never authorized BANA to communicate with the third parties referenced in this paragraph regarding the Loan. BANA denies the allegations of this paragraph.

53. BANA admits that a Notice of Assignment, Sale, or Transfer of Ownership of Mortgage Loan dated January 13, 2013 ("January 2013 Notice") was sent to Kingston. BANA admits that the January 2013 Notice speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

54. BANA admits that the January 2013 Notice speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

55. BANA states that Kingston, upon information and belief, never authorized BANA to communicate with the third parties referenced in this paragraph regarding the Loan. BANA further admits that Exhibit H is a letter dated February 19, 2013 and addressed to BANA from Janae Kingston. BANA lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

56. BANA denies the allegations in the first sentence of this paragraph. BANA admits that the January 2013 Notice speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

57. BANA admits that the January 2013 Notice speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

58. BANA admits that the January 2013 Notice speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

59. BANA states that Kingston, upon information and belief, never authorized BANA

to communicate with the third parties referenced in this paragraph regarding the Loan. BANA further admits the February 19, 2013 letter speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

60. BANA states that Kingston, upon information and belief, never authorized BANA to communicate with the third parties referenced in this paragraph regarding the Loan. BANA further admits the February 19, 2013 letter speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

61. BANA states that Kingston, upon information and belief, never authorized BANA to communicate with the third parties referenced in this paragraph regarding the Loan. BANA further admits the February 19, 2013 letter speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

62. BANA states that Kingston, upon information and belief, never authorized BANA to communicate with the third parties referenced in this paragraph regarding the Loan. BANA further admits the February 19, 2013 letter speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

63. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

64. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

65. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

66. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

67. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

68. BANA denies the allegations in this paragraph.

69. BANA denies the allegations in this paragraph.

8

70. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

71. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

72. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

73. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

74. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

75. BANA admits that on October 7, 2014, counsel for BANA sent the correspondence identified as Exhibit O to counsel for Plaintiff. BANA further admits said correspondence speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

76. BANA admits that Exhibit O speaks for itself but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

77. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

78. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

79. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

80. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

81. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

82. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

83. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

84. BANA lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

85. BANA admits that on June 5, 2018, counsel for BANA sent the correspondence identified as Exhibit T to Kingston regarding the Loan. BANA further admits that Exhibit T speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

86. BANA denies the allegations in this paragraph.

87. BANA denies the allegations in this paragraph.

88. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

89. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

90. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

91. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

92. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient

information to admit or deny the allegations and therefore denies the same.

93. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

94. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

95. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

96. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

97. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

98. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

99. BANA lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph and therefore denies the same. BANA denies the allegations in the second sentence of this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

100. BANA denies the allegations in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

101. BANA states that Plaintiff's Amended Motion for Contempt for Continuing Plan Violations and Ongoing and Willful Violations of the Automatic Stay (Dkt. No. 656) ("Motion for Contempt") speaks for itself. BANA further states that Plaintiff improperly attempts to incorporate the Motion for Contempt into the Complaint. To the extent further response is required, the remaining allegations in this paragraph are denied.

102. BANA denies the allegations set forth in this paragraph.

103. BANA denies the allegations set forth in this paragraph.

### COUNT ONE
### (BEACH OF CONTRACT)

104. BANA re-alleges and incorporates by reference all prior responses as though fully set forth herein.

105. BANA admits that it entered into the Stipulation with Debtor. BANA further admits that the Stipulation speaks for itself, but denies the allegations in this paragraph to the extent the Complaint contradicts those terms.

106. BANA denies the allegations contained in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

107. BANA denies the allegations contained in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same.

108. BANA denies the allegations contained in this paragraph as to BANA. To the extent the allegations in this paragraph are directed at the remaining defendants, BANA lacks sufficient information to admit or deny the allegations and therefore denies the same. BANA further states that online records demonstrate a valuation in excess of $200,000 for the property in question, meaning that Kington obtained instant equity through BANA's cram down in the Chapter 11 process.

109. The allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required. To the extent a

response is required, BANA denies the allegations.

## PRAYER FOR RELIEF

BANA denies that Plaintiff is entitled to any of the relief specified in his Prayer for Relief against BANA.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

Plaintiff's Complaint, and each and every purported claim therein asserted against BANA, fails to state facts sufficient to constitute a cause of action.

### Second Affirmative Defense

Part, if not all, of Plaintiffs' Claim for Breach of Contract is barred by the statute of limitations.

### Third Affirmative Defense

Part, if not all, of Plaintiff's alleged damages asserted against BANA were incurred as a result of Plaintiff's own breaches, acts, omissions, and negligence, and thus, recovery by Plaintiff is barred or reduced accordingly.

### Fourth Affirmative Defense

The Complaint, and each and every purported cause of action asserted against BANA therein, is barred by the doctrine of laches.

### Fifth Affirmative Defense

The Complaint, and each and every purported cause of action asserted against BANA therein, is barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

BANA, to the extent it acted at all, acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

### Seventh Affirmative Defense

The Complaint, and each cause of action asserted against BANA therein, is vague, uncertain, and ambiguous.

### Eighth Affirmative Defense

Part, if not all, of Plaintiff's alleged damages were the result of intervening or superseding events, acts, or omissions of other parties, or industry market conditions, over which BANA had no control, and for which it cannot be held liable to Plaintiffs.

### Ninth Affirmative Defense

The damages for which Plaintiff claims BANA is responsible, to the extent they exist, were caused or contributed to by persons or entities for whom BANA is not responsible and for whom BANA is not liable.

### Tenth Affirmative Defense

The Complaint, and each and every purported claim asserted against BANA therein, is barred in whole or in part to the extent that BANA's alleged actions, if done at all, were justified.

### Eleventh Affirmative Defense

Plaintiff failed to take reasonable steps to mitigate his damages, if any, and any recovery by Plaintiff should be barred or reduced accordingly.

### Twelfth Affirmative Defense

BANA presently has insufficient knowledge or information upon which to form a belief as to whether it has or may have additional, yet unstated, affirmative or other defenses. BANA reserves the right to assert additional affirmative or other defenses in the event that its investigation or discovery indicates that additional affirmative or other defenses are appropriate.

### Consent to Bankruptcy Court Jurisdiction

BANA consents to entry of final orders and judgment by the bankruptcy court.

WHEREFORE, BANA hereby prays for judgment in its favor as follows:

1. That Plaintiff take nothing by way of this action;
2. That Plaintiff be denied each and every demand and prayer for relief in this action;
3. That Plaintiff's action be dismissed in its entirety with prejudice;
4. For costs of suit herein, including reasonable attorneys' fees pursuant to applicable

law; and

5. For such other and further relief as the Court may deem just and proper.


Dated May 8, 2020

/s/ John F. Kurtz, Jr.
HAWLEY TROXELL ENNIS & HAWLEY LLP
John F. Kurtz, Jr.
877 Main Street, Suite 1000
P.O. Box 1617
Boise, Idaho 83701
Phone: 208-388-4831
Facsimile: 208-954-5242
Email: jkurtz@hawleytroxell.com
*Attorneys Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2020, I filed a copy of the foregoing pleading with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

**Stephen K. Madsen** on behalf of **Plaintiff**

smadsen@maynestaggart.com

**Robert J Maynes** on behalf of **Plaintiff**

mayneslaw@hotmail.com

**Lesley Bohleber** on behalf of **Seterus, Inc, a Delaware corporation**

ecfidb@aldridgepite.com

**Heidi Buck Morrison** on behalf of **Bungalow Series F Trust, a Delware statutory trust, U.S. Bank Trust, National Association, a subsidiary of U.S. Bancorp aka U.S. Bank, N.A. a Delaware corporation, as trustee for Bungalow Series F Trust**
hbm@racinelaw.net

Dated May 8, 2019

        HAWLEY TROXELL ENNIS & HAWLEY LLP

        /s/ John F. Kurtz, Jr.
        John F. Kurtz, Jr.

16